UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANNETTE AGOSTINO, et al.

*Plaintiff,*

v.

COSTCO WHOLESALE CORP., et al.,

*Defendants.*

Civil Action No. 20-1399

ORDER

**THIS MATTER** comes before the Court by way of Plaintiffs Annette Agostino's and Rudolph Agostino's ("Plaintiffs") Motion to Amend Complaint and Remand, ECF No. 4;

and it appearing that the Honorable Michael A. Hammer, U.S.M.J., issued a Report and Recommendation dated June 17, 2020 recommending the Court deny the Motion (the "R&R"), ECF No. 22;

and it appearing that Plaintiffs have filed Objections to the R&R (the "Objections"),[1] ECF No. 24;

and it appearing that this action arises out of personal injuries allegedly suffered by Plaintiffs while patronizing one of Defendant Costco Wholesale Corporation's ("Costco") stores, see generally Compl., ECF No. 1.1;

and it appearing that Plaintiff initiated this action on January 17, 2019 by filing the Complaint in the Superior Court of New Jersey, Law Division, Bergen County ("Superior Court"), see id.;

---

[1] "If a party objects timely to a magistrate judge's report and recommendation" on a dispositive motion, "the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" Equal Employment Opportunity Comm'n v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)). "[A] remand order is dispositive for purposes of 28 U.S.C. § 636(b)(1)." In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir. 1998).

1

and it appearing that Costco removed this action on February 11, 2020, invoking the Court's diversity jurisdiction, see ECF No. 1 (the "Removal");

and it appearing that Plaintiffs' Motion argues that the Removal was untimely under 28 U.S.C. § 1446(c)(1)[2] because it occurred more than one year after Plaintiff filed the Complaint, but does not raise any other procedural defects in the Removal, see Pl. Mem., ECF No. 4;

and it appearing that Judge Hammer directed Plaintiffs to submit a supplemental brief specifically addressing "whether 28 U.S.C. sec. 1446(b)(1) or (b)(3) applies, and whether Plaintiff waived it by not raising it in the initial application,"[3] ECF No. 14;

and it appearing that Plaintiffs' supplemental brief again argued the Removal violated the one-year limitation of Section 1446(c)(1), but did not attempt to argue that it violated the thirty-day limits in Section 1446(b)(1) or Section 1446(b)(3), see Pl. Suppl. Mem., ECF No. 18;

and it appearing that after consideration of the parties' submissions, Judge Hammer concluded that Section 1446(b)(1) applied because the Removal was based on an initial pleading, R&R at 13-15, that the one-year time limit of Section 1446(c)(1) applies only to actions removed under Section 1446(b)(3), id. at 9-13, and that Plaintiffs had waived the right to object to the Removal based on the thirty-day time limit in Section 1446(b)(1) by failing to raise it in the Motion, id. at 15-16;

and it appearing that Plaintiffs object to the R&R on the ground that they did not waive their right to object under Section 1446(b)(1)'s thirty-day time limit, see Objections at 3-4;

---

[2] Section 1446(c)(1) provides that a diversity action may not be removed pursuant to 28 U.S.C. § 1446(b)(3) "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith."

[3] Section 1446(b)(1) permits removal based on the initial pleading in an action, while Section 1446(b)(3) permits removal based on an amended pleading that creates previously non-existent grounds for removal. Each section requires the notice of removal to be filed within thirty days after receipt of the pleading that provides the basis for removal.

and it appearing that an objection to removal based on a procedural irregularity "'must be the subject of a motion to remand within 30 days after filing the notice of removal,'" see In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 450 (3d Cir. 2000) (quoting Korea Exchange Bank v. Trackwise Sales, 66 F.3d 46, 50-51 (3d Cir. 1995)); see also 28 U.S.C. § 1447(c);

and it appearing that Section 1446(b)(1) is a "procedural provision" subject to waiver, see Farina v. Nokia Inc., 625 F.3d 97, 114 (3d Cir. 2010);

and it appearing that a plaintiff's failure to "articulate the procedural defect in removal" in an otherwise timely motion to remand waives any objection based on that defect, Foulke v. Dugan, 148 F. Supp. 2d 552, 555 (E.D. Pa. 2001); see also Otero v. GlaxoSmithKline, PLC, No. 10-7163, 2011 WL 1399842, at *2 (E.D. Pa. Apr. 7, 2011) (finding waiver where "nothing in Plaintiffs' Motion to Remand [suggested] they intended to raise" a procedural irregularity); Kakarala v. Wells Fargo Bank, NA, 615 F. App'x 424, 425 (9th Cir. 2015) ("[M]erely filing some timely motion to remand will not preserve objections not explicitly raised.") (citation omitted) (emphasis in original);

and it appearing that because Plaintiffs' Motion failed to raise Section 1446(b)(1)'s thirty-day time limit, Plaintiffs have waived their right to object to the Removal on that basis;[4]

and it appearing that Plaintiffs' Motion additionally sought leave to amend the Complaint to join a nondiverse defendant, Daryl Hughes, and remand to Superior Court under 28 U.S.C. § 1447(e), see Pl. Mem. at 8-14;

---

[4] Plaintiffs argue that they failed to object based on Section 1446(b)(1)'s thirty-day time limit because they believed Section 1446(b)(3) applied and should therefore not be faulted simply for "reach[ing] a different statutory interpretation than Judge Hammer." Objections at 4. The Court observes that Section 1446(b)(3) contains an identical thirty-day time limit that Plaintiffs also failed to raise. Regardless, for the reasons expressed above Plaintiffs had the responsibility to raise all potential procedural defects in the Removal within thirty days, including alternative arguments.

3

and it appearing that the R&R recommended denial of leave to amend the Complaint after applying the factors laid out in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), see R&R at 17-20;

and it appearing that Plaintiffs did not address their request for leave to amend in their Objections;

and it appearing that during oral argument on the Motion held on September 21, 2020, and for the reasons set forth on the record, the Court, in the interest of justice, permitted Plaintiffs to file a renewed motion to amend the Complaint by October 2, 2020;

**IT IS** on this 2nd day of October, 2020;

**ORDERED** that Judge Hammer's Report and Recommendation, ECF No. 22, is **ADOPTED IN PART** only to the extent it rejects Plaintiffs' procedural objections to the Removal, see R&R at 6-16;

**ORDERED** that Plaintiffs' Motion to Amend Complaint and Remand, ECF No. 4, is **DENIED WITHOUT PREJUDICE**.

> */s Madeline Cox Arleo*
> **MADELINE COX ARLEO**
> **UNITED STATES DISTRICT JUDGE**